UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

PELE LA CRUZ WATKINS,

    Petitioner,

v.                                     Case No. 8:08-cv-1434-T-23MAP

UNITED STATES OF AMERICA,

    Respondent.
_____/

**O R D E R**

Watkins petitions for the writ of habeas corpus pursuant to 28 U.S.C. § 2241 (Doc. 1) through the savings clause of Section 2255(e) and challenges the validity of his conviction for felony possession of a firearm, for which offense he is serving seventy-one months. The Section 2241 petition is barred.

Watkins was convicted of both felony possession of a firearm and solicitation to commit a crime of violence. Watkins v. United States, 8:05-cr-174-T-24EAJ. Watkins admits that he challenged the conviction in a motion to vacate in 8:08-cv-82-T-24EAJ.[*] Watkins argued in his motion to vacate that he is both actually and legally innocent of the felony possession of a firearm, the same claim asserted in this Section 2241 petition.

---

[*] According to the docket, this Section 2241 petition was filed on July 14, 2008, and the Section 2255 motion to vacate was denied a week later (Doc. 8 in 8:08-cv-82-24EAJ).

Watkins apparently believes that he can circumvent Section 2255's preclusion of second or successive motions to vacate by challenging his conviction in a Section 2241 petition for the writ of habeas corpus. Watkins is mistaken. A defendant cannot "use Section 2241 simply to escape the restrictions" on filing Section 2255 motions. <u>Wofford v. Scott</u>, 177 F.3d 1236, 1245 (11th Cir. 1999). Watkins fails to show how the remedy available in Section 2255 is inadequate, a showing required to meet the "savings clause" in Section 2255(e).

Accordingly, the petition for the writ of habeas corpus pursuant to 28 U.S.C. § 2241 (Doc. 1) is **DENIED**. The clerk shall enter a judgment against Watkins and close this action.

ORDERED in Tampa, Florida, on September 3, 2008.

_____
STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE